FILED
2015 Jul-13 PM 05:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Jordan Schwyhart, *on behalf of himself and others similarly situated*, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| AmSher Collection Services, Inc., | |
| Defendant. | |

## Nature of this Action

1. Jordan Schwyhart ("Plaintiff") brings this class action against AmSher Collection Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et al.*

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

3. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, and routinely violates 15 U.S.C. § 1692e by using false representations or deceptive means to collect or attempt to collect a debts, or to obtain information concerning a consumer.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and

1

transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant not only transacts business in this district, but resides in this district.

## Parties

6.	Plaintiff is a natural person who at all relevant times resided in Broken Arrow, Oklahoma.

7.

8.	Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.	Defendant is an "accounts receivable management company."[1]

10.	At all relevant times Defendant resided in Birmingham, Alabama.

11.	Defendant's "hosted dialing platform offers predictive or preview dialing, unattended messaging, and both inbound and outbound Interactive Voice Response (IVR)."[2]

12.	"In addition, [Defendant] utilizes LiveVox for its dialing needs. LiveVox is the leading provider of predictive dialing solutions to the debt collection industry—offering integrated solutions with intelligent inbound skills based routing. This collections agency interface contains fully customizable detailed real-time status of agents, campaigns and phone lines."[3]

13.	Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

14.	Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

---

[1]	*See* http://www.amsher.com/index.html (last visited on June 22, 2015)

[2]	*See* http://www.amsher.com/Technology.html (last visited on June 22, 2015)

[3]	*See* http://www.amsher.com/Technology.html (last visited on June 22, 2015)

**Factual Allegations**

15. In or around November 2014 Plaintiff obtained a new cellular telephone number— ███████████.

16. Shortly thereafter, Defendant placed calls to Plaintiff's cellular telephone number.

17. In particular, Defendant placed at least one call to Plaintiff's cellular telephone number on March 8, 2015, March 11, 2015, and March 18, 2015.

18. Upon information and good faith belief, Defendant placed a significant number of additional calls to Plaintiff's cellular telephone number on dates not specifically identified herein.

19. Defendant placed many, if not all of its calls to Plaintiff's cellular telephone number from (855) 894-1090.

20. On at least one occasion in 2015, Defendant left a voice message with the voicemail service associated with Plaintiff's cellular telephone number, by using an artificial or prerecorded voice.

21. Plaintiff spoke with Defendant on several occasions in 2014 and 2015.

22. During each occasion on which Plaintiff spoke with Defendant, Plaintiff informed Defendant that he was not the individual for whom Defendant was calling, and directed Defendant to cease placing calls to his cellular telephone number.

23. Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

24. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

25. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

26. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

27. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to contact a third party.

28. Defendant placed its calls to Plaintiff's cellular telephone number, in part, in an effort to collect a debt.

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

31. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

32. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

33. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

34. Plaintiff is not, nor was, one of Defendant's customers.

35. Plaintiff does not, nor did, have a business relationship with Defendant.

36. Plaintiff did not provide Defendant with his cellular telephone number.

37. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

38. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

39. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and an artificial or prerecorded voice to place calls to telephone numbers assigned to cellular telephone service providers.

**Class Action Allegations**

40. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a

representative of the following three classes:

> All persons and entities throughout the United States (1) to whom AmSher Collection Services, Inc., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

> All persons and entities throughout the United States (1) to whom AmSher Collection Services, Inc., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that AmSher Collection Services, Inc.'s records contain a code or other notation indicating that the called party previously (a) informed AmSher Collection Services, Inc. that the number to which it placed the call was the wrong number, (b) directed AmSher Collection Services, Inc. to stop calling the number to which it placed the call, or (c) instructed AmSher Collection Services, Inc. to take the number to which it placed the call off of its call list.

> All persons and entities throughout the United States (1) to whom AmSher Collection Services, Inc., placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) where the party who AmSher Collection Services, Inc. called to collect the debt was not, according to AmSher Collection Services, Inc.'s records, the party alleged to owe the debt.

41.  The proposed classes specifically exclude the United States of America, the State of Alabama, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

42.  Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

6

43. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

44. The members of the classes are ascertainable in that, upon information and belief, their names, addresses, and/or telephone numbers can be identified in business records maintained by Defendant and by third parties.

45. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

46. Plaintiff's claims are typical of the claims of the members of the classes.

47. As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

48. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

49. Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

50. Plaintiff suffered the same injuries as each of the members of the classes.

51. Plaintiff will fairly and adequately protect the interests of the members of the classes.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

53. Plaintiff will vigorously pursue the claims of the members of the classes.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

57. The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

58. Issues of law and fact common to all class members are:

    a. Defendant's violations of the TCPA;

    b. Defendant's violations of the FDCPA;

    c. The existence of Defendant's identical conduct;

    d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    e. The availability of statutory penalties; and

    f. The availability of attorneys' fees and costs.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

61. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

62. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

63. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

64. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

65. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

66. There will be little difficulty in the management of this action as a class action.

67. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

68. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-66.

69. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to his cellular telephone number, absent prior express consent.

### Count II
### Violation of 15 U.S.C. § 1692e

70. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-66.

71. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt.

72.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiff, or to obtain information concerning a consumer.

## Count III
## Violation of 15 U.S.C. § 1692d

73.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-66.

74.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

75.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's his cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number—especially after Plaintiff informed Defendant that he was not the person they were looking for and to stop calling him.

## Trial by Jury

76.     Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action;

   b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

   c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. §§ 1692d and 1692e;

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Date: July 13, 2015 | /s/ Gina DeRosier Greenwald |
| | Gina DeRosier Greenwald |
| | Greenwald Davidson Radbil PLLC |
| | 5550 Glades Rd, Ste. 500 |
| | Boca Raton, FL 33431 |
| | Tel: (561) 826-5477 |
| | Fax: (561) 961-5684 |
| | ggreenwald@gdrlawfirm.com |

                                          Counsel for Plaintiff and the proposed class

                                          Aaron D. Radbil*
                                          Greenwald Davidson Radbil PLLC
                                          106 East Sixth Street, Suite 913
                                          Austin, Texas 78701
                                          Tel: (512) 322-3912
                                          Fax: (561) 961-5684
                                          aradbil@gdrlawfirm.com

                                          Counsel for Plaintiff and the proposed class

                                          *To seek admission *pro hac vice*