FILED
2016 Apr-22 PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JORDAN SCHWYHART, on behalf of himself and others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:15-cv-01175-JEO** |
| **AMSHER COLLECTION SERVICES, INC.,** | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Jordan Schwyhart has sued defendant AmSher Collection Services, Inc. ("AmSher") for, among other claims, allegedly violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. He seeks to represent a class of similarly situated individuals under FED. R. CIV. P. 23. AmSher has moved the court to stay the action pending a decision by the United States Court of Appeals for the District of Columbia in *ACA International et al. v. FCC*, Case No. 15-1211 (D.C. Cir. 2015), a consolidated case involving challenges to a Federal Communications Commission ("FCC") order interpreting several provisions of the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961(July 10, 2015) (the "FCC Order").

(Doc. 17). Schwyhart opposes the motion to stay. (Doc. 19). For the reasons discussed below, the motion will be denied.

**BACKGROUND**

The TCPA prohibits a caller from using an automated telephone dialing system to place non-emergency calls to a cellular telephone number without the prior express consent of the "called party." 47 U.S.C. § 227(b)(1)(A)(iii). Schwyhart alleges that AmSher violated the TCPA by using an automated telephone dialing system to place multiple calls to his cellular telephone number in May 2015 without his prior consent. (Doc. 5 ¶¶ 16, 24, 37, 69). AmSher acknowledges placing some of the calls, but asserts that it was attempting to discuss a debt with a cellular subscriber, Jackie Elgin, who had given prior consent to receive such calls. (Doc. 17-2). AmSher insists that when it placed the calls, it did not know Elgin's cellular telephone number had been reassigned to Schwyhart and did not know the calls were not being received by Elgin, the intended recipient of the calls. (*Id.*)

On July 10, 2015, the FCC released the FCC Order. The FCC interpreted the term "called party," as used in the TCPA, to mean "the subscriber to whom the dialed wireless number is assigned" and not the "intended recipient" of a call. FCC Order at ¶¶ 74, 78. The FCC also found that "where a caller believes he has consent to make a call and does not discover that a wireless number had been

reassigned prior to making or initiating a call to that number for the first time after reassignment, liability should not attach for that first call, but the caller is liable for any calls thereafter." *Id.* at ¶ 85 (footnote omitted).

In *ACA International*, the D.C. Circuit is reviewing consolidated challenges to the FCC Order under the Hobbs Act, 28 U.S.C. § 2342. According to AmSher, *ACA International* involves two issues "central to this action: (1) whether the statutory term 'called party' under the TCPA includes the 'intended recipient of a telephone call'; and (2) whether a safe harbor exemption for unintentionally calling the wrong person is limited only to the first such call." (Doc. 17-1 at 1). AmSher argues that the court should stay this case because "[r]esolution of these two issues by the DC [sic] Circuit could bear directly on whether the TCPA imposes liability on AmSher under the facts alleged in this case." (*Id.* at 1-2).

## ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A district court has "broad discretion" to stay proceedings as an incident to its power to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (2007) (citing *Landis*).

"The proponent of a stay bears the burden of establishing its need." *Id.* at 708. Orders granting or denying stay requests are reviewed under an abuse of discretion standard. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (internal citations omitted).

Having considered the parties' respective arguments for and against a stay, the court concludes that a stay is not warranted in this instance, for two primary reasons. First, AmSher's motion to stay is premised on the speculative possibility that the D.C. Circuit will set aside the provisions in the FCC Order interpreting the term "called party" to exclude the "intended recipient" of a call and establishing a limited "first call" safe harbor exemption for unintentional calls to the wrong party.[1] However, before the FCC issued the FCC Order, the Eleventh Circuit had already considered and rejected the contention that "the 'intended recipient' [of a telephone call] is the 'called party' referred to" in the TCPA. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. 2014); *see also Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) ("During the pendency of this appeal, another panel of this court … concluded in a published opinion that 'called party,' for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service. … That panel rejected the defendant's contention that called party

---

[1] The court notes that the standard of review under which the D.C. Circuit will evaluate the FCC Order is "highly deferential" and that the D.C. Circuit "must presume the validity of [the] agency['s] action." *Vernal Enter., Inc. v. FCC*, 355 F.3d 650, 658 (D.C. Cir. 2004).

could mean intended recipient." (citation to *Osorio* omitted)).  And by so ruling, the Eleventh Circuit also foreclosed the possibility of a multiple-call safe harbor for unintentionally calling the wrong party.  *See Shehan v. Wells Fargo Bank N.A.*, 56 F. Supp. 3d 1206, 1209 n. 3 (N.D. Ala. 2014) (noting that in *Osorio*, the Eleventh Circuit foreclosed a safe harbor defense for "non-telemarketing calls when the debt collector had previously obtained appropriate consent and had no intent to call any person other than the person who had previously provided consent to be called" (quotation marks omitted)).

      Therefore, regardless of how the D.C. Circuit rules in *ACA International*, its decision will have no direct impact on this case.  Because the FCC's interpretation of the term "called party" in the FCC Order is consistent with the Eleventh Circuit's decision in *Osorio*, a decision by the D.C. Circuit upholding the FCC Order will be in line with existing precedent in this circuit.  If, on the other hand, the FCC Order is set aside by the D.C. Circuit, *Osorio* will remain controlling precedent in this case, as the Eleventh Circuit's decision in *Osorio* was not based on the FCC Order, the calls at issue in this case were made before the FCC Order was issued, and the D.C. Circuit's decision will not, in any event, be binding on this court.  *See Osorio*, 746 F.3d at 1256 (stating that guidance in an FCC ruling was "not dispositive of the present case because the FCC issued its ruling after the calls in question [were made] and because the ruling may not have been

promulgated with the requisite meaningful review to invoke *Chevron*[2] deference"); *see also Rodriquez v. DFS Services, LLC*, 2016 WL 369052, *3 (M.D. Fla. Feb. 1, 2016) (concluding that the pendency of the appeal in *ACA International* did not warrant a stay in a TCPA case involving the legal effect of an oral revocation of consent to be called, noting that "[the] right to revoke consent orally was … the law in the Eleventh Circuit under a previous FCC Order" and that "[t]he challenges before the D.C. Circuit will therefore have no effect on the viability of [the plaintiff's] lawsuit as pled in her complaint."); *O'Hanlon v. 24 Hour Fitness USA, Inc.*, 2016 WL 815357, *4 (N.D. Cal. March 2, 2016) (observing that *ACA International* "is not the first instance in which a federal appellate court occasioned to interpret" the term "called party" and concluding that "[i]n light of the persuasive authority on this issue from other circuit courts, and because a decision from the D.C. Circuit would not be controlling in this case, Defendant would not be prejudiced if the case moves forward in spite of the FCC appeals" in *ACA International*). Accordingly, the fact that the FCC Order is on appeal before the D.C. Circuit does not justify staying the proceedings here.

Second, irrespective of the deference the D.C. Circuit's decision in *ACA International* may or may not be due, the court is unwilling to stay this case indefinitely pending the issuance of the decision. AmSher asserts that the stay it

[2] *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

desires would not be "indefinite" (doc. 17-1 at 15), but that is clearly not the case.

As the district court noted in *O'Hanlon*:

> [T]he multidistrict litigation involves eleven appeals from as many parties, now consolidated for resolution before the D.C. Circuit [in *ACA International*]. The parties' appeals of the FCC Omnibus Ruling present a broad-based challenge to the FCC's 138-page Declaratory Ruling and Order, and sweep[ ] in issues not pertinent to this case. Awaiting a ruling by the D.C. Circuit would likely involve a substantial delay of this matter. A stay pending that litigation would suspend for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before this Court.

*O'Hanlon*, 2016 WL 815357, at *5. In addition, there is always the possibility that the D.C. Circuit's decision will be appealed to the Supreme Court, adding a further layer of indefinite—and perhaps lengthy—delay were a stay to be granted here. *See Uiterwyk*, 685 F.2d at 1288 ("'[S[tay orders will be reversed when they are found to be immoderate [or] of an indefinite duration.'" (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

Under the circumstances, the court concludes that this case should be allowed to proceed notwithstanding that the FCC Order is on appeal before the D.C. Circuit. Of course, if this case is still pending when the D.C. Circuit issues its decision, either party may cite the decision and argue whatever effect they believe the decision has here.

## CONCLUSION

For the foregoing reasons, Amsher's motion to stay (doc. 17) is **DENIED**.

**DONE**, this the 22nd day of April, 2016.

John E. Ott

**JOHN E. OTT**
Chief United States Magistrate Judge