

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Jordan Schwyhart, *on behalf of himself and others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:15-cv-01175-JEO |
| AmSher Collection Services, Inc., | ) ) ) |
| Defendant. | ) |

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS AND SUBCLASS, ENTERING INJUNCTION, AND DISMISSING ACTION

This matter is before the Court on Plaintiff, Jordan Schwyhart's ("Plaintiff" or "Class Representative"), motions for final approval of the class settlement and for attorney fees, costs, expenses, and an incentive award for Plaintiff as the class representative in this action. (Docs. 48 & 50). The motions are filed with the consent of the Defendant, AmSher Collection Services, Inc. ("Defendant" or "AmSher") (Plaintiff and Defendant referred to collectively as the "Parties"). Upon review of the Settlement Agreement and the evidence and arguments of counsel presented at the Final Approval Hearing, and the submissions filed with this Court in connection with the Final Approval Hearing, the motions (docs. 48 & 50) are **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** and **ADJUDGED** as follows:

1.   The Court finds it has jurisdiction over the subject matter of this action

1

and over all settling Parties hereto.

2. Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this action in light of the factual, legal, practical and procedural considerations raised by this action. The Settlement Agreement is hereby incorporated by reference into this order.

3. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiff and Class Counsel, and AmSher, conducted under the auspices of respected mediator Brad Wash, Esq.

4. Pursuant to Fed. R. Civ. P. 23(b)(2), the Court certifies the following Injunctive Class as set forth in the Settlement Agreement (Doc. 44-1 at 8-50):

> All individuals who, from July 13, 2011 through and including October 20, 2016, were called by AmSher on their cellular telephones, or any other service for which the individual was charged, with equipment alleged to be an automatic telephone dialing system, or allegedly with an artificial or pre-recorded voice, where it is alleged there was no prior express consent to make the call.

5. The Court finds that the Injunctive Class, as defined above, and for purposes of settlement, satisfies all of the requirements of Rule 23(a), Rule 23(b)(2), and Rule 23(g) of the Federal Rules of Civil Procedure.

6. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court certifies the following Damages Subclass as set forth in the Settlement Agreement:

>The individuals identified in the Damages Class List who, between May 1, 2015 and July 31, 2015, received a telephone call from AmSher to a cellular telephone, or any other service for which the called party was charged, made with equipment alleged to be an automatic telephone dialing system, or allegedly with an artificial or pre-recorded voice, where it is alleged there was no prior express consent to make the call.

7.   The Court finds that the Damages Subclass, as defined above, and for purposes of settlement, satisfies all of the requirements of Rule 23(a), Rule 23(b)(3), and Rule 23(g) of the Federal Rules of Civil Procedure.

8.   Pursuant to Fed. R. Civ. P. 23, the Court appoints Jordan Schwyhart as the Class Representative for the Injunctive Class and for the Damages Subclass. The Court appoints Greenwald Davidson Radbil PLLC, including Aaron D. Radbil, Michael L. Greenwald, and Gina D. Greenwald, as Class Counsel for the Class Members.

9.   As set forth in the Class Notice, this Court convened on March 15, 2017 to hold a final fairness hearing. The Parties through their counsel appeared, and counsel presented argument at that time.

10.   This Court specifically finds that:

>a.   The Class Members are so numerous that joinder of all of them in this action is reasonably impracticable;
>
>b.   There are questions of law and fact common to the Class Members, which predominate over any individual questions;
>
>c.   The claims of the Plaintiff are typical of the claims of the Class

3

   Members;

  d. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

  e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

11. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this order. Indeed, the Class Administrator was able to attain a delivery rate of more than 94% of the Damages Subclass Members, with no Class Members objecting to the Settlement, and one Class Member—Neko Curtis—excluding himself.

12. This Court hereby finds and concludes that the notice provided by AmSher to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute. No objections were received from any entities served such notice.

13. Pursuant to paragraph 2 of the Settlement Agreement, this Court enters an injunction agreed to by the Parties requiring AmSher to institute the following procedures on or before the Effective Date and for a period of no less than two years after the Effective Date, or until there are changes in the law related to the below practices. In the event of any such changes in the law, AmSher will adjust its policies and procedures to remain in compliance with such laws then in effect:

   a. Before calling any telephone number, AmSher will use reasonable means to search and scrub all such numbers to determine whether a given number is a cellular number and will keep a record of all such numbers identified as cellular numbers.

   b. AmSher will not use an automatic telephone dialing system to call any telephone number shown to be assigned to a cellular telephone service unless AmSher has consent from the subscriber, owner or regular user of the cellular phone. Express consent includes any written or verbal consent provided to AmSher, or its client, by the subscriber, owner or regular user of the cellular telephone to be called with an automatic telephone dialing system. Express consent can be obtained by AmSher from consumers representing that they are the subscriber or regular user, or otherwise authorized to give consent to receive calls to the cellular telephone.

   c. When obtaining consent directly from the consumer, AmSher will, in a uniform manner, record in its account management system all consent it receives to call a cellular telephone number using an automatic telephone dialing system directly from a consumer, and retain all such documents or records of consent for a period of no less than twelve months. Consent must be confirmed to AmSher by a person representing himself or herself as the owner or regular user of the cellular telephone number, or a third party authorized to provide such consent. AmSher will comply with this requirement based upon the representations of an individual that he or she is the owner or regular user of the cellular telephone, or otherwise authorized to provide such consent.

    d. Any express consent AmSher obtains and documents will be limited to calls placed, or caused to be placed, by AmSher for purposes of collecting a debt alleged due to one of AmSher's clients.

    e. AmSher will design and institute a training program devoted to ensuring compliance with the TCPA, including materials describing express consent, the manner in which AmSher can obtain express consent, the manner in which employees must document express consent, and the circumstances under which AmSher may contact an alleged debtor by using an automatic telephone dialing system.

    f. AmSher will also implement a policy and procedure to assist employees identify and document wrong or reassigned numbers and cease calls to cellular telephone numbers.

    g. AmSher will maintain a compliance manager responsible for, among other things, implementing and overseeing AmSher's TCPA compliance.

    h. On a quarterly basis, for a period of two years, AmSher will create and store a report outlining its compliance and alleged non-compliance with the TCPA, including all cellular telephone numbers AmSher is alleged to have called with an automatic telephone dialing system without prior express consent. AmSher will make the reports available to Plaintiff upon request.

14. Pursuant to paragraphs 4.1 and 4.2 of the Settlement Agreement, Defendant is discharged and released from the Released Claims as that term is defined in the Settlement Agreement. Except as provided in the Settlement Agreement, each member of the Damages Subclass—other than Neko Curtis—is hereby permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from any of the Released Claims.

15. This Court awards attorneys' fees to Class Counsel in the amount of one-third of the Settlement Fund, or $323,333.33. The Court concludes that the fee award is fair and reasonable.

16. This Court awards the reimbursement of litigation costs and expenses to Class Counsel in the amount of $5,575.04, which it finds to be fair and reasonable.

17. The fee, cost, and expense awards resolve, without limitation, all claims for attorneys' fees and litigation costs incurred by (a) Class Counsel, (b) any other counsel representing (or purporting to represent) Plaintiff or Class Members (or any of them) in this action, and (c) the Class Representative or Class Members (or any of them) in connection with or related to any matter in the above-captioned action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release in the Settlement Agreement.

18. This Court grants Plaintiff's request for an incentive award in the amount of $10,000.00, which it finds to be fair and reasonable.

19. Without in any way affecting the finality of this order for purposes of appeal, this Court hereby retains exclusive jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this order.

The above-captioned action is hereby dismissed **WITH PREJUDICE**.

**IT IS SO ORDERED**.

**ENTERED** this 16th day of March, 2017.

/s/ John E. Ott
_____
**JOHN E. OTT**
Chief United States Magistrate Judge